**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSE B. CHICAS
MEDRANDO,

      Plaintiff,

vs.                                             Case No. 6:12-cv-704-ORL-37KRS

CTX MORTGAGE COMPANY, LLC,
GOLDMAN SACHS MORTGAGE
COMPANY, *et al.*,

      Defendants.

**ORDER**

This cause is before the Court on the following:

1)   Defendants', Goldman Sachs Mortgage Company, GS Mortgage Securities, GSAA Home Equity Trust 2005-12, HSBC Bank USA, N.A., Mortgage Electronic Recordation Systems, and Wells Fargo Bank, N.A., (collectively, "Defendants"), Motion to Dismiss Complaint and Motion to Strike Demand for Attorney's Fees and Incorporated Memorandum of Law (Doc. No. 8), filed on June 8, 2012; and

2)   Plaintiff's Response in Opposition to Motion to Dismiss (Doc. No. 13), filed on July 3, 2012.

**BACKGROUND**

On May 10, 2012, Plaintiff filed a four-count Complaint against Defendants, including claims for Wrongful Disclosure (Count I), Fraud (Count II), Quiet Title (Count III), and Declaratory Relief (Count IV). (*See* Doc. No. 1.) Plaintiff alleges that this Court has subject matter jurisdiction pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601

*et seq.*; the Fair Debt Collection Practices Act ("FDCPA"); 15 U.S.C. § 1692, the Real Estate Settlement Procedures Act ("REPSA"); 12 U.S.C. § 2607(a); and the Home Ownership and Equity Protection Act ("HOEPA"); 12 U.S.C. § 1006. (*See* Doc. No. 1, ¶ 17.) Plaintiff also alleges jurisdiction exists pursuant to 28 U.S.C. § 1367. (*See id.*)

As discussed further below, this Complaint is what the Eleventh Circuit refers to as a "shotgun" pleading. Nevertheless, based on what Defendants were able to ascertain from the Complaint, they filed their Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims. (Doc. No. 8, pp. 5-6.) They maintain that although Plaintiff cites to federal statutes, "the Complaint sets forth causes of action for wrongful foreclosure, fraud, quiet title, and declaratory relief," which are primarily founded in state law. (*Id.* at p. 6.) Because "[t]hese claims are not created by federal law; do not contain any disputed question of federal law as a necessary element of a state law claim; and are not pre-empted by a federal cause of action," Defendants claim that subject matter jurisdiction does not exist. (*Id.*)

Assuming there is no jurisdictional infirmity, Defendants also move to dismiss the Complaint because Plaintiff failed to comply with Federal Rules of Civil Procedure ("Rules") 8, 9(b), and 12(b)(6). They maintain that the Complaint is a "hodge-podge of allegations" that are "insufficient to articulate claims or to put Defendants on notice as to the basis of the purported claims." (*Id.* at p. 7.) Defendants argue that they cannot decipher which claims are asserted against which particular Defendants, and that Plaintiff fails to allege essential elements for each of the claims. For example, they contend that Plaintiff fails to plead fraud with the particularity required by Rule 9(b). Finally, they move to dismiss Count III because Plaintiff fails to allege the elements of a quiet title action under Florida law, and

Count IV because Plaintiff's request for declaratory judgment is "premature" because he has failed to allege that a true controversy exists. (*Id.* at p. 10.)

**STANDARD OF REVIEW**

"While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x. 563, 565 (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993))). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Rule12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of a motion to dismiss, a court must "accept all factual allegations in the complaint as true." *Tellabs*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Ordinarily, "[a] pleading that states a claim for relief must contain . . . a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Where a complaint contains averments of fraud or mistake, however, Rule 9(b) imposes a heightened pleading standard, requiring that the circumstances constituting fraud be stated with particularity. *See Brooks v. Blue Cross and Blue Shield of Fla.,* 116 F.3d 1364, 1381 (11th Cir. 1997). Additionally, the plaintiff who pleads fraud must "reasonably notify the defendants of their purported role in the scheme." *Id.* at 1381 (citing *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir.1992)).

## DISCUSSION

### A.   Shotgun Pleading

Plaintiff's Complaint is deficient for several reasons. First, it constitutes a "shotgun pleading." A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002). In Counts I, II, and III of the Complaint, Plaintiff "re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein." (*See* Doc. No. 1, ¶¶ 56, 71, 79.) He fails to describe which facts are applicable to each of his claims, and states that Counts I and II apply to "All Defendants," and Count III applies to "All Defendants and All Persons Claiming, by through or Under Such Person, All Persons Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint

Adverse to Plaintiff's Title Thereto and Does 1 through 20." (*See* Doc. No. 1, p. 22.) Consequently, in ruling on the sufficiency any of Plaintiff's claims, the Court "must sift out the irrelevancies, a task that can be quite onerous," and it must attempt to determine whether the facts alleged truly implicate "All Defendants." *See* S*trategic Income Fund,* 305 F.3d at 1295-96.

Additionally, this "shotgun" Complaint fails to comply with Rule 8(a)(2), which requires a pleading that states a claim for relief to contain "a short and plain statement showing that the pleader is entitled to relief." Here, Plaintiff sets forth a litany of allegations, which do not provide Defendants with notice "as to the claim[s] being asserted against [them]" and the grounds on which these claims rest. *See Evans v. McClain of Ga., Inc.,* 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). For example, in Count IV, Plaintiff seeks "a judicial determination of whether a foreclosure sale was valid and whether title to the property should be returned to Plaintiff f[r]ee of encumbrance or lien of any Defendant or any other lender claiming ownership of the note." (Doc. No. 1, ¶ 93.) However, Plaintiff fails to allege when and where any foreclosure action took place. Defendants maintain that "no foreclosure action has commenced against Plaintiff on the Note and Mortgage securing the Property." (Doc. No. 8, p. 4.)

While the Court must take the well plead facts of the Complaint as true at this stage, the Complaint lacks **any** facts about the alleged foreclosure action. Even in Count I, "Wrongful Foreclosure," Plaintiff fails to provide any information about a pending foreclosure or if and when the property at issue was previously foreclosed upon. (*See* Doc. No. 1, ¶¶ 56- 70.) Plaintiff instead includes a broad assertion that "Defendants, and each of them, through the actions alleged above, have illegally commenced foreclosure under

the Note on the Property via a foreclosure action supposed by false or fraudulent documents." (*Id.* at ¶ 68.) Even assuming that Plaintiff's allegations are true, these facts are insufficient to provide Defendants with notice of the facts underlying the claims against them. Plaintiff must at least clarify when Defendants allegedly commenced foreclosure proceedings and in what court such proceedings are taking, or previously took, place.

Although Plaintiff has technically complied with Rule 10, in that he includes a case caption and numbered paragraphs, the Complaint fails to fulfill the intended purposes of Rules 8 and 10. These rules work together

> to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Fikes v. City of Daphne,* 79 F.2d 1079, 1082 (11th Cir. 1996) (citations omitted). As it stands, deciphering whether the Complaint contains any viable claims for relief would require "[the Court] and . . . [Defendants] to rummage through page after page of facts and conclusions to make independent determinations regarding what allegations, if any, fit with each claim, if any." *Carvel v. Godley,* 404 F. App'x 359, 361 (11th Cir. 2010).

### B. Failure to State a Claim Upon Which Relief May be Granted and Failure to Properly Allege this Court's Jurisdiction

For the reasons stated above, the Court cannot ascertain from this shotgun Complaint whether Plaintiff has asserted any causes of action upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court will grant Plaintiff the opportunity to amend his Complaint, and Plaintiff will need to provide factual support, using short, plain statements for each of the claims he wishes to pursue. In his amended complaint, Plaintiff

will also need to clearly allege the basis for subject matter jurisdiction in this Court. Simply referring to federal statutes is not enough to show this Court has jurisdiction over his claims. Plaintiff will have to more clearly allege facts suggesting Defendants violated particular federal laws, and that those laws provide Plaintiff with a private right of action. Broad statements such as, "[a]ny such foreclosure violates both state and federal law due to the fact the owner of the Note can legally foreclose or instruct a third party to foreclose upon a Mortgage," are insufficient to show that subject matter jurisdiction is proper.

### C. Failure to Allege Fraud Claims with Particularity

As stated above, Rule 9(b) provides that in "alleging fraud . . . a party must state with particularity the circumstances constituting fraud." *Infante v. Bank of Am. Corp.,* No. 10-10692, 2012 WL 744678, at *2 (11th Cir. Mar. 8, 2012). This requires a plaintiff to set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Id.* (citing *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks*, 116 F.3d at 1371)).

In Count II, "Fraud," Plaintiff contends that "Wells Fargo Bank, HSBC Bank USA, N.A., and others intentionally misrepresented to Plaintiff that [they were] entitled to receive mortgage payments from Plaintiff based upon mortgage statements sent to Plaintiff by Wells Fargo Bank." (Doc. No. 1, ¶ 72.) He further maintains that "Defendants were not entitled to receive mortgage payments as Wells Fargo Bank did not have equitable, or actual beneficial interest in the Note or the property . . . [or] a contractual right to receive

7

those payments under any contractual rights." *Id.* Allegedly, "[a]ll Defendants misrepresented that they are the 'holder and owner' of the Note and/or the beneficiary of the Mortgage." (*Id.* at ¶ 73.)

None of these allegations, nor any others in the Complaint, meet the requirements of Rule 9(b). It is not clear "what statements" were actually fraudulent, or "when" the documents containing such statements were sent. *See Infante,* 2012 WL 744678, at *2. Plaintiff's contention that Defendants are, or were, attempting to collect on a debt to which they have "no legal, equitable, or pecuniary interest" is simply conclusory, as is the assertion that "Defendants were aware of the misrepresentations and profited from them." (*Id.* at ¶¶ 73, 75.) Thus, Plaintiff also fails to properly allege what each Defendant "obtained as a consequence of the fraud." *Infante*, 2012 WL 744678, at *2.

### D. Attorney's Fees

In the Complaint, Plaintiff requests attorney's fees and costs. (*See* Doc. No. 1, ¶ 6.) Plaintiff is proceeding *pro se*, and is not entitled to attorney's fees. *See Correa v. BAC Home Loan Serv. LP,* No. 6:110cv01197, 2012 WL 1176701, at *10 (M.D. Fla. Apr. 9, 2012) ("Plaintiff, proceeding *pro se*, cannot recover attorney's fees."); *Moten v. Broward Cnty., Fla.,* No. 10-62398, 2012 WL 526790, at *3 (S.D. Fla. Feb. 16, 2012) (collecting cases in which the Eleventh Circuit denied *pro se* litigants' requests for attorney's fees under fee shifting states ); *Willson v. Sarasota Cnty.,* No. 8:10-cv-489, 2011 WL 5117566, at *5 (M.D. Fla. Oct. 25, 2011) ("*Pro se* parties are not entitled to recover attorney's fees. . . ."). Therefore, he is directed to exclude any claims for this form of relief from his amended complaint.

**CONCLUSION**

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED:**

1) Defendants' Motion to Dismiss (Doc. No. 8) is **GRANTED**.

2) Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

3) Plaintiff shall file an amended complaint that complies with the directives of this Order, all applicable Federal Rules of Civil Procedure, and this Court's Local Rules[1] on or before **August 6, 2012**. Failure to do so may result in the dismissal of Plaintiff's case, and could preclude him from refiling his claims in the future.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 17, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies:
Counsel of Record
*Pro se* party

---

[1] The Local Rules are available for review on the Middle District of Florida's website (www.flmd.uscourts.gov).